**STUART et al. v. FRANKLIN LIFE INS. CO.**

No. 11800.

Circuit Court of Appeals, Fifth Circuit.

Feb. 18, 1948.

Rehearing Denied March 12, 1948.

Dan Moody, of Austin, Tex., Ernest May, R. A. Stuart, and R. V. Nichols, all of Fort Worth, Tex., for appellants.

James A. Kilgore, of Dallas, Tex., for appellee.

Before SIBLEY, WALLER, and LEE, Circuit Judges.

LEE, Circuit Judge.

This is an action brought in the State Court of Texas by appellants, plaintiffs below, to recover $10,000 earnest money deposited with their offer to purchase of appellee, defendant below, a tract of land in Arizona containing 56,245 acres fee land, and State grass leases of 44,215 acres, more or less. The action was removed to the United States District Court for the Northern District of Texas, on the ground of diversity of citizenship.

On the 13th of November, 1945, appellants, in Fort Worth, Texas, signed an application to purchase certain lands and grass leases in Arizona from the appellee. The application, in the form of an offer, was made upon a printed form provided by the appellee, which contained among others the following provisions (we number them for convenience):

(1) "In addition to a deed to the 56,245 acres of deeded land, you are to assign to me grass leases on 55,215 acres owned by

the State of Arizona, leases to bear an annual rental of 3 per cent per annum.

(2) "If title insurance on said property, under what is known as owner's policy, that is satisfactory to purchasers cannot be obtained upon titles to said property, then, at the purchaser's option, this contract may be nullified, in which event the earnest money herein deposited shall be returned to purchasers. Title insurance, if obtainable, shall be at the purchaser's expense.

\* \* \* \* \* \*

(3) "It is agreed that you are to have 20 days from this date in which to accept this offer. If this offer is not accepted by you within said period of time, the earnest money deposited with you is to be promptly returned to me. If this offer is accepted and the sale consummated, the earnest money is to be applied as part of the purchase price of said land, but if I should fail to perform as herein specified, then said earnest money is to be retained by you as liquidated damages. If earnest money is paid by check, the check may be collected without constituting an acceptance of this offer.

\* \* \* \* \* \*

(4) "You are to furnish abstract of title to said land within 20 days after acceptance of this offer and I agree either to accept title as shown by said abstract or to return said abstract to you within 10 (30) [sic] days from receipt thereof, with a written statement of any material objections which I may have to the title shown by said abstract. \* \* \*

\* \* \* \* \* \*

(5) "\* \* \* it is understood that this application does not constitute an agreement binding upon the company until finally approved at the home office of the company in Springfield, Illinois. Notice of acceptance may be in the form of a letter signed by any duly authorized officer or direct representative of the company, mailed to me at the address stated above and deposited in any post office or letter box in time to be stamped by the post office which receives it within 20 days from date hereof.

\* \* \* \* \* \*

(6) "The buyer and seller each agree to use due diligence and his best efforts to complete this transaction around December 15, 1945."

The offer was endorsed, "approved and accepted for and on behalf of the Franklin Life Insurance Company, this 13th day of November, 1945. (Signed) C. L. McDonald, Mgr., Texas Real Estate and Loan Department." McDonald was appellee's Texas agent, and his authority to sign this application for appellee was given over the long distance telephone by B. J. Harrison, of Springfield, Ill., vice-president and treasurer of appellee. This application, or offer, was forwarded to appellee's home office in Springfield, Ill., and on November 15, one Lutz, another vice-president of appellee, telephoned McDonald to say that two points in the application needed qualification: those dealing with the title insurance and the rent from the leased lands mentioned in the first and second paragraphs of the application. Appellee asked that the phrase in the first paragraph reading, "leases to bear an annual rental of 3 per cent per annum," be changed to read, "now bearing three cents per acre," and the phrase, "said assignment to be made subject to approval of the Arizona State Land Commission" added; and that the phrase in the second paragraph, "owner's policy that is satisfactory to purchaser," be changed to read, "title insurance by financially strong and reputable title insurance company." These requested amendments were written out by McDonald in the form of a letter dated November 15, 1945, addressed to appellee and given to appellants to sign. Appellants never signed the letter. On November 23, appellants told McDonald that they wished to have a letter from appellee's home office formally accepting their offer to purchase. On November 26, in answer to this request, vice-president Lutz wrote the following letter which appellants received in due course:

"Dear Mr. Stuart:

"Mr. McDonald has stated that you have requested a letter from our home office confirming our acceptance of the sale to you of the above ranch.

"This letter will confirm our acceptance of your offer to purchase, according to and subject to the terms of your application to purchase agreement dated November 13, 1945, and subject further to the additions thereto as outlined in the supplemental agreement form dated November 15, 1945.

"With best wishes we are

"Yours truly,

"HENRY M. LUTZ,
Vice-President."

No abstracts of title were ever delivered to appellants, but abstracts down to date of April, 1925, were delivered on December 5 for account of appellants to the Phoenix Title & Trust Co. for examination by it with a view to insuring the title. The trust company could not, of course, make an up-to-date report until the later abstracts were sent to it. They wrote appellants of the situation, and, upon receipt on December 8 of their letter, appellants wrote to McDonald saying that certain conditions, which they specified, made it impossible to carry out the terms of the contract; and on December 11 they demanded return of the $10,000 earnest money. Appellee having refused to return the money, appellants brought suit. Judgment was rendered for the appellee, and appellants appeal to this court. Their first specification of error, and the only one we need to consider, is that the lower court erred in holding that there existed a valid, binding contract between the parties.

Appellants argue that no contract ever existed because their signed offer to purchase was never accepted according to its terms. They contend that McDonald's signature could not bind the appellee, since his authority to sign was oral, and that the formal acceptance by Mr. Lutz varied the terms of the offer and so was a mere counter-offer which was never in turn accepted by appellants. If a contract did exist, they contend, then appellee breached it by failure to provide the abstracts of title within the time set by the contract and because title insurance satisfactory to appellants could not be written.

Appellee on the other hand, insists that a binding contract was entered into and signed by the parties on November 13, 1945. Appellee takes the position that McDonald's signature as its agent authorized to sign the contract by one of appellee's officers talking on the telephone from the home office, constitutes a valid acceptance of the offer, and that the subsequent letter of Mr. Lutz was only a confirmation of that acceptance. The changes suggested in that letter, appellee argues, were in fact not changes required by it, but mere clarifying amendments.

Whether or not McDonald's authority to sign for the insurance company was required to be in writing, we think is not the question determinative of the case. Printed in the offer itself (paragraph 5) was the clear requirement of a written acceptance from the home office to be signed by "any duly authorized officer or direct representative of the company." Although McDonald was a "representative of the company", he was not at the home office. In the light of the evidence, this might seem to be a quibble were it not for the fact that appellants' request for written final approval by the home office put the appellee upon notice that appellants' understanding of the contract was that such a letter was required by the terms of the contract. Since those terms were used by appellee on its own form, they must be construed most strongly against it. So construed, a written acceptance from the home office was required, and this being so, acceptance which varied the terms of the offer was no acceptance. It is true that an acceptance may contain a request for certain changes in the terms of the offer and yet be a binding acceptance. "So long as it is clear that the meaning of the acceptance is positively and unequivocally to accept the offer, whether such request is granted or not, a contract is formed." Williston on Contracts, § 79, and Restatement of the Law of Contracts, §§ 38 and 60. Here, the use of the words "and subject further to" indicates not a suggestion but a requirement. The change required in the second paragraph of the offer dealing with an insurer of the title is unimportant. Appellants' dissatisfaction, if any, could not be unreasonable; hence, appellee's substituted phrase, "financially strong and reputable" does not essentially change the terms of

the offer. But the change relative to the rental of the leased lands is, as appellants claim, a substantial alteration of the terms of the offer, and it effectively prevents the printed acceptance from being more than a counter-offer. We hold, therefore, that there was no valid contract, and that appellants are entitled to the repayment of the earnest money.

In these circumstances, we need not consider the other points raised by the appellee.

The judgment appealed from is reversed, and the cause is remanded for further proceedings not inconsistent herewith.

Reversed and remanded.